UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATHLETIC TRAINING INNOVATIONS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2540** |
| **eTAGZ, inc.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Defendant eTagz's ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim.[1] Having considered the motion, the opposition, the record, and the applicable law, for the following reasons, the Court will deny the motion as moot.

### I. Background

*A. Factual Background*

Plaintiff Athletic Training Innovations, LLC ("Plaintiff") is a Louisiana limited liability company that sells athletic equipment and specially designed training shoes "almost exclusively on the internet and by phone."[2] When Plaintiff ships shoes to a purchaser, it accompanies the product with a DVD that demonstrates how to perform certain exercises. This film was produced by Plaintiff's predecessors since as early as 1991.[3]

Defendant eTagz, a Utah corporation with its principal place of business in Provo, Utah, owns U.S. patents nos. 6,298,332, 7,503,502, and 7,703,686 ("the patents"). These patents concern the use of a hangtag having a computer-readable medium that is attached to a product by a vendor

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1 at ¶¶ 6-7.

[3] *Id.* at ¶¶ 8-9.

and removed therefrom by purchaser.[4] According to Plaintiff, the "broadest claims of aforementioned patents limit Defendant's scope of protection to: 1) hangtags or labels that are secured to and removed from a vendor's product; 2) the hangtag or label including a computer-readable medium thereon **and** 3) the medium including computer-readable instructions executable on a purchaser's computer."[5] Plaintiff claims, therefore, that its practice of placing a DVD in the shipping container does not infringe on the patents.[6]

However, on September 7, 2012, Plaintiff received a letter from Defendant, alleging that it believed Plaintiff's products infringed the patents, and that it might take legal action.[7] Plaintiff claims that after receiving this letter, it discovered on Defendant's website that it has made many other similar threats against other companies that have included CDs or DVDs with their products.[8] In addition, Plaintiff avers that Defendant's website claims that its patents encompass the attachment of media for products at retail, and that "attachment" is defined as mere "inclusion." Plaintiff argues that these statements essentially make infringement allegations against Plaintiff that are objectively false and in bad faith.[9] Therefore, Plaintiff seeks (1) a declaratory judgment of non-infringement of the patents; (2) a declaratory judgment of invalidity of the patents; (3) a judgment that Defendant

---

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 11 (emphasis in original).

[6] *Id.* at ¶ 13.

[7] *Id.* at ¶¶ 15-16.

[8] *Id.* at ¶ 17.

[9] *Id.* at ¶¶ 19-20.

has violated the Sherman Antitrust Act; (4) relief for violations of Louisiana's antritrust statutes; and (5) relief for violations of Louisiana's unfair competition laws.[10]

*B. Procedural Background*

Plaintiff filed the initial complaint in this matter on October 18, 2012, invoking this Court's federal question and diversity jurisdiction.[11] On January 9, 2013, Defendant filed the pending motion to dismiss.[12] On January 22, 2013, Plaintiff made two filings. First, it filed a first amended complaint,[13] and then an opposition to the pending motion.[14]

## II. Parties' Arguments

In support of the pending motion, Defendant argues that this cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over it. Defendant explains that because this is a suit involving patent law, Federal Circuit law governs the determination of personal jurisdiction and due process.[15] Defendant also points out that under Federal Circuit precedent, when a defendant disputes personal jurisdiction before the parties have conducted discovery, the plaintiff must make a *prima facie* showing in the

---

[10] *Id.* at ¶¶ 22-47.

[11] *Id.* at ¶ 4. The Court notes that while Plaintiff has invoked this Court's diversity jurisdiction, it has not properly alleged its own citizenship. Plaintiff claims it "is a Louisiana Limited Liability company authorized to do business in the State of Louisiana with its principal place of business in Kenner, Louisiana." *Id.* at ¶ 1. However, the citizenship of a limited liability company is determined by the citizenship of each of its constituent members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1078 (5th Cir. 2008). However, because Plaintiff has also invoked federal question jurisdiction, this deficiency is inconsequential at this time.

[12] Rec. Doc. 9.

[13] Rec. Doc. 12.

[14] Rec. Doc. 13.

[15] Rec. Doc. 9-1 at p. 4 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d `324, 1328 (Fed Cir. 2008)) ("Personal jurisdiction is a matter of law that we review de novo. Moreover, we apply Federal Circuit law because the jurisdictional issue is "intimately involved with the substance of the patent laws.") (internal citations omitted)

3

complaint that the defendant is subject to personal jurisdiction.[16] Defendant claims that Plaintiff's assertion of why this Court has jurisdiction over it in the initial complaint does not satisfy its burden to show why jurisdiction is proper.[17] In addition to Plaintiff's alleged pleading deficiencies, Defendant also argues that it in fact is not subject to the general or specific personal jurisdiction of this Court, and moreover, that to exercise personal jurisdiction over Defendant would be unjust and violate due process.[18]

In the alternative, Defendant argues that Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[19] In short, Defendant argues that Plaintiff has failed to satisfy Federal Rule of Civil Procedure 8 because it has not included a short plain statement of why it is entitled to relief.[20]

In opposition to the pending motion, Plaintiff argues that the motion is now moot because it filed an amended complaint after the filing of the pending motion.[21] Defendant explains that it filed the amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(2). Defendant cites *Hensley v. Redi-Med of Mandeville*,[22] where this Court dismissed a defendant's Rule 12(b)(6) motion at moot, because after the motion to dismiss was filed, the plaintiff permissibly filed an amended complaint in compliance with Rule 15. Plaintiff claims that the amended complaint "now

---

[16] *Id* (citing *Avocent*, 552 F.3d at 1328-29).

[17] *Id* at pp. 6-7.

[18] *See id.* at pp. 7-10. While Defendant makes more substantive arguments, for reasons that will be explained later, it is not necessary for the Court to discuss those arguments at this time.

[19] *Id.* at p. 10.

[20] *Id.* Again, the Court need not discuss in depth Defendant's arguments. *See supra* note 18.

[21] Rec. Doc. 13 at p. 4.

[22] No. 09-47, 2009 WL 1418126 (E.D. La. May 19, 2009).

includes additional allegations that clearly invoke the [personal] jurisdiction of this [C]ourt [over Defendant]."[23] Therefore, Plaintiff requests that the Court dismiss the pending motion as moot and require Defendant to either file a responsive pleading or another motion to dismiss within the time allowed under the Federal Rules of Civil Procedure.[24]

### III. Law and Analysis

Federal Rule of Civil Procedure 15(a)(1) reads:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendant's Rule 12(b) motion was filed on January 9, 2013, and Plaintiff amended the pleadings on January 22, 2013, well within the 21 days allowed. Therefore, Plaintiff has permissibly amended its pleadings.

As Defendant's correctly acknowledged, because this case involves patent law, Federal Circuit precedent controls the analysis of personal jurisdiction.[25] Even when there are non-infringement claims in the suit, the Federal Circuit will "apply [its] law to all of the claims where 'the question of infringement is a critical factor in determining liability under the non-patent claims.'"[26]

---

[23] *See* Rec.. Doc. 13 at pp. 5-6.

[24] *Id.* at p. 7.

[25] *See Avocent*, 552 F.3d at 1328.

[26] *Id.* (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir.2006)).

Before discovery, a plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction.[27] "[T]he pleadings and affidavits are to be construed in the light most favorable to [the plaintiff]."[28] "In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor."[29]

Here, Defendant's arguments concerning personal jurisdiction attack the initial complaint. This pleading has been superseded by an amended complaint, and it is upon these pleadings that Plaintiff must make a *prima facie* showing of personal jurisdiction over Defendant. The amended complaint contains different and additional allegations regarding personal jurisdiction. Therefore, if Defendant wishes to challenge personal jurisdiction, it must file another motion to dismiss that addresses the allegations in the amended complaint. As such, Defendant's current arguments in response to personal jurisdiction are moot.

For similar reasons, Defendant's argument that this action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim must also be denied as moot. On a Rule 12(b)(6) motion, all allegations in the complaint are assumed true.[30] However, a defendant may attack the sufficiency of these pleadings.[31] Here, Defendant has attacked the sufficiency of the allegations in the original complaint. Again, because of the amended complaint, these arguments are now moot, and if

---

[27] *Id.* at 1328-29.

[28] *Id.* at 1329.

[29] *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[31] *Id.*

Defendant wishes to attack the sufficiency of the amended complaint, it must file another motion specifically addressing the amended complaint. Therefore, the pending motion must be dismissed.

### IV. Conclusion

Both of Defendant's alleged grounds for dismissal depend upon allegations in the original complaint. Understandably, Defendant addressed the initial complaint in the pending motion, because at that time no amendment had been made. However, the pending motion was made moot by Plaintiff's timely amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[32] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this  30th day of January, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[32] Rec. Doc. 9.