**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ATHLETIC TRAINING INNOVATIONS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2540** |
| **eTAGZ, INC.** | **SECTION: "G"(2)** |

**ORDER AND REASONS**

Before the Court is Defendant eTagz's ("Defendant") motion to reconsideration,[1] wherein it requests that this Court alter and amend its Order and Reasons[2] denying Defendant's first motion to dismiss.[3] Having considered the initial complaint, the supplemental and amending complaint, the motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will deny the pending motion.

**I. Background**

***A. Factual Background***

Plaintiff Athletic Training Innovations, LLC ("Plaintiff") is a Louisiana limited liability company that sells athletic equipment and specially designed training shoes "almost exclusively on the internet and by phone."[4] When Plaintiff ships shoes to a purchaser, it accompanies the product with a DVD that demonstrates how to perform certain exercises. This film was produced by Plaintiff's predecessors since as early as 1991.[5]

---

[1] Rec. Doc. 16

[2] *See* Order and Reasons, Rec. Doc. 15.

[3] Rec. Doc. 9.

[4] Rec. Doc. 1 at ¶¶ 6-7.

[5] *Id.* at ¶¶ 8-9.

Defendant, a Utah corporation with its principal place of business in Provo, Utah, owns U.S. patents nos. 6,298,332, 7,503,502, and 7,703,686 ("the patents"). These patents concern the use of a hangtag having a computer-readable medium that is attached to a product by a vendor and removed therefrom by purchaser.[6] According to Plaintiff, the "broadest claims of aforementioned patents limit Defendant's scope of protection to: 1) hangtags or labels that are secured to and removed from a vendor's product; 2) the hangtag or label including a computer-readable medium thereon **and** 3) the medium including computer-readable instructions executable on a purchaser's computer."[7] Plaintiff claims, therefore, that its practice of placing a DVD in the shipping container does not infringe on the patents.[8]

However, on September 7, 2012, Plaintiff received a letter from Defendant, alleging that it believed Plaintiff's products infringed the patents, and that it might take legal action.[9] Plaintiff claims that after receiving this letter, it discovered on Defendant's website that it has made many other similar threats against other companies that have included CDs or DVDs with their products.[10] In addition, Plaintiff avers that Defendant's website claims that its patents encompass the attachment of media for products at retail, and that "attachment" is defined as mere "inclusion." Plaintiff argues that these statements essentially make infringement allegations against Plaintiff that are objectively false and in bad faith.[11] Therefore, Plaintiff brings six causes of action in the original complaint: (1)

---

[6] *Id.* at ¶ 10.

[7] *Id.* at ¶ 11 (emphasis in original).

[8] *Id.* at ¶ 13.

[9] *Id.* at ¶¶ 15-16.

[10] *Id.* at ¶ 17.

[11] *Id.* at ¶¶ 19-20.

a declaratory judgment of non-infringement of the patents; (2) a declaratory judgment of invalidity of the patents; (3) a judgment that Defendant has violated the Sherman Antitrust Act; (4) relief for violations of Louisiana's antitrust statutes; (5) relief for violations of Louisiana's unfair competition laws; and (6) patent misuse.[12]

In Plaintiff's First Supplemental and Amending Complaint,[13] Plaintiff requests to "supplement and amend its original Complaint ... to further include the following allegations."[14] Plaintiff claims that on September 7, 2012, Defendant sent it a letter alleging that Plaintiff's product "utilized the invention embodied in the eTAGZ Patents."[15] However, Plaintiff contends that "merely including a video with a product" is unpatentable under 35 U.S.C. § 102(b), the on-sale bar, because "informational videos have accompanied products in commerce for decades."[16] Therefore, Plaintiff maintains that the September 7, 2012 letter was meant to "intentionally misrepresent the scope of Defendant's patents to coerce, intimidate and manipulate Plaintiff into settlement," and further, that the letter was also "part of a conspiracy by Defendant to injure Plaintiff's sales and marketing efforts."[17]

After this letter, Plaintiff alleges that a representative and/or employee of Defendant "initiated at least three telephone calls to Plaintiff's employees located in the State of Louisiana in

---

[12] *Id.* at ¶¶ 22-47.

[13] Rec. Doc. 12.

[14] *Id.* at ¶ 2.

[15] *Id.* at ¶ 3.

[16] *Id.*

[17] *Id.* at ¶¶ 5-6.

a further attempt to coerce a quick settlement based upon a frivolous claim of patent infringement."[18] Plaintiff claims that on at least one of these alleged calls, Defendant pretended to be a potential customer in order to "extract information from [Plainitff's] employee."[19] However, Plaintiff contends that Defendant's employee eventually identified himself, and boasted that Defendant had already derived "millions of dollars in revenue" from other accused infringers.[20] According to Plaintiff, Defendant indicated that if Plaintiff paid a "lump-sum fee" this matter would be resolved, and on one occasion Defendant sent an email to one of Plaintiff's employees located in Louisiana, requesting an "immediate, lump sum payment in lieu of litigation."[21]

In addition to these factual allegations, Plaintiff adds two new causes of action. Styled as its seventh cause of action, Plaintiff seeks to hold Defendant liable in tort under Louisiana Civil Code article 2315.[22] Finally, styled as its eighth cause of action, Plaintiff seeks to hold Defendant liable for extortion under Louisiana Revised Statute §14:66 and 18 U.S.C. § 1951.[23]

---

[18] *Id.* at ¶ 7.

[19] *Id.* at ¶ 8.

[20] *Id.* at ¶ 9.

[21] *Id.* at ¶¶ 10-11.

[22] *Id.* at ¶¶ 24-28.

[23] *Id.* at ¶¶ 29-30.

***B. Procedural Background***

Plaintiff filed the initial complaint in this matter on October 18, 2012, invoking this Court's federal question and diversity jurisdiction.[24] On January 9, 2013, Defendant filed its first motion to dismiss,[25] seeking dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), claiming that this Court does not have personal jurisdiction over it and that Plaintiff has failed to state a claim. On January 22, 2013, Plaintiff made two filings. Plaintiff filed a first supplemental and amending complaint,[26] and then an opposition to the Defendant's first motion to dismiss motion.[27] On January 20, 2013, the Court denied the first motion to dismiss as moot, based on the filing of the supplemental and amending complaint.[28]

On February 4, 2013, Defendant filed the pending motion to reconsider the denial of its motion to dismiss.[29] On February 5, 2013, Defendant filed another motion to dismiss asserting the same grounds for dismissal as in its first motion to dismiss, but also addressing claims and allegations added in the supplemental and amending complaint.[30] On February 18, 2013, Plaintiff

[24] Rec. Doc. 1 at ¶ 4. The Court notes that while Plaintiff has invoked this Court's diversity jurisdiction, it has not properly alleged its own citizenship. Plaintiff claims it "is a Louisiana Limited Liability company authorized to do business in the State of Louisiana with its principal place of business in Kenner, Louisiana." *Id.* at ¶ 1. However, the citizenship of a limited liability company is determined by the citizenship of each of its constituent members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1078 (5th Cir. 2008). However, because Plaintiff has also invoked federal question jurisdiction, this deficiency is inconsequential at this time, as the Court has an alternatively sufficient ground for subject matter jurisdiction.

[25] Rec. Doc. 9.

[26] Rec. Doc. 12.

[27] Rec. Doc. 13.

[28] Rec. Doc. 15.

[29] Rec. Doc. 16.

[30] Rec. Doc. 19.

filed an opposition to Defendant's motion to reconsider.[31] On March 4, 2013, Defendant, with leave of court, filed a reply.[32]

**II. Parties' Arguments**

In support of the pending motion, Defendant contends that Plaintiff's "second Complaint did not actually amend its first complaint, but rather just added two new causes of action. Thus, [Plaintiff's] only causes of action now pending against [Defendant] are "Claim 7" and "Claim 8" of the 'Supplemental and Amending Complaint.'"[33] Defendant notes that the supplemental and amending complaint does not include the first six causes of action contained in the initial complaint, and claims that "[o]nce a plaintiff amends a complaint under Rule 15, the amended complaint supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified."[34] Therefore, Defendant avers that "the original complaint cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading."[35] As such, Defendant claims the supplemental and amending complaint "is now the operative complaint, and thus, [Plaintiff] only has two causes of action," because "it does not specifically refer to and adopt or incorporate by reference the earlier pleading.[36]

---

[31] Rec. Doc. 20.

[32] Rec. Doc. 30.

[33] Rec. Doc. 16-1 at p. 2.

[34] *Id.* at p. 3 (citing 6 CHARLES ALAN WRIGHT, et al., Federal Practice and Procedure: Civil § 1476, at 636 (3d ed. 2010)).

[35] *Id.*

[36] *Id.* (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")).

In the alternative, if this Court were to find that Plaintiff's six causes of action remain in this claim, Defendant argues that its first motion to dismiss should be granted because Plaintiff "has not otherwise opposed the substantive bases for [Defendant's] motion to dismiss," but only added "some factual allegations followed by two new causes of action."[37]

In opposition to the pending motion, Plaintiff refutes Defendant's contention that the allegations and causes of action asserted in the original complaint are "somehow waived or extinguished because Plaintiff allegedly did not incorporate the original complaint into the supplemental and amending complaint."[38] Plaintiff notes that in the second paragraph of the supplmental and amending complaint it states that "Plaintiff now wishes to supplement and amend its original Complaint as a matter of course pursuant to Fed.R R. Civ. P. 15(a) **to further include** the following allegations."[39] Plaintiff further notes that in paragrpah 24, it states that "**All allegations in the original Complaint** and Paragrpahs 1-23 herein are **repeated and incorporated by reference**."[40]

Plaintiff argues that the authority cited by Defendant "merely holds that an 'amended' complaint supersedes an original when it makes no reference to the original complaint," but that the supplemental and amending complaint did in fact reference the original complaint here.[41] Plaintiff also notes that Federal Rule of Civil procedure 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."

---

[37] *Id.* at p. 4.

[38] Rec. Doc. 20 at p. 7.

[39] *Id.* (emphasis in Plaintiff's memorandum).

[40] *Id.* (emphasis in Plaintiff's memorandum).

[41] *Id.* at p. 8.

Moreover, Plaintiff cites to another section of this Court, which has held that "[s]pecific reference to the earlier pleading satisfies Rule 10(c)'s requirements of clarity and specificity."[42] Further, Plaintiff cites the Fifth Circuit's decision in *Carroll v. Fort James Corp.*,[43] to argue that where a clause is sufficiently specific, and the pleading history is simple so that the opposing party would understand the extent of an incorporation, such an incorporation is effective to preserve claims and allegations previously stated in a prior pleading.[44]

Finally, Plaintiff argues that Defendant's original motion to dismiss should not be granted because the supplemental and amended complaint contains different and additional allegations relevant to personal jurisdiction and the substance of its claims. Plaintiff also highlights that it formally opposed the first motion to dismiss, and referenced the additional factual allegations that are now contained in the first supplemental and amending complaint.[45]

In reply, Defendant argues that this matter is distinguishable from *Carroll*.[46] Defendant maintains that unlike the subsequent pleading in *Carroll*, here, Plaintiff's supplemental and amending complaint "(1) does not state in the first paragraph that ATI “reurge[s] and reallege[s] all of the allegations as set forth and contained in their original complaint as if copied herein *in extenso* and *in toto*;” (2) was not filed pursuant to a court order; and (3) has not remained unchallenged for

[42] *Id.* (citing *Ordermann v. Linvingston*, No. 06-4796, 2008 WL 2073992, at *3 (E.D. La. May 14, 2008) (Feldman, J.)).

[43] 470 F.3d 1171 (5th Cir. 2006).

[44] Rec. Doc. 20 at p. 9.

[45] *Id.* at pp. 9-12.

[46] Rec. Doc. 30 at p. 1.

several months."[47] Defendant refutes that the portion of the supplemental and amended complaint quoted by Plaintiff in its opposition, asserting that the entirety of the original complaint is incorporated by reference, is effective, because the clauses were only part of the introductory paragraphs to the two new causes of action set forth in the supplemental and amending complaint.[48] Defendant maintains that this presented a "lack of clarity" and therefore fails to incorporate the allegations in the original complaint.[49]

Defendant also contends that Plaintiff's opposition to Defendant's second motion to dismiss does not contest Defendant's assertion that Plaintiff's six cause of action for "patent misuse" fails to state a claim. Therefore, Defendant argues that it is "unclear whether [Plaintiff] maintains that claim [a]s part of the 'First Supplemental and Amending Complain' or whether [Plaintiff] has now withdrawn that claim."[50] Finally, Defendant argues that the supplemental and amending complaint only adds allegations relating to personal jurisdiction, but does not address Defendants arguments that Plaintiff's causes of action fail to state a claim.[51] Therefore, Defendant argues that if this Court finds that the first six causes of action remain, Defendant's first motion to dismiss should be granted on those causes of action.[52]

---

[47] *Id.* at pp. 1-2.

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at pp. 2-3.

[52] *Id.* at p. 3.

**III. Standard on a Motion for Reconsideration**

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[53] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[54] Such a motion "calls into question the correctness of a judgment,"[55] and courts have considerable discretion in deciding whether to grant such a motion.[56] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[57] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[58]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[59] Instead, such motions "serve the narrow purpose of allowing a party

---

[53] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[54] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[55] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir. 2002).

[56] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[57] *Id.* at 355-56.

[58] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[59] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

to correct manifest errors of law or fact or to present newly discovered evidence."[60] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[61]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[62] and the motion must "clearly establish" that reconsideration is warranted.[63] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[64]

## IV. Law and Analysis

In *Carroll*, the plaintiffs originally filed their complaint in Mississippi state court.[65] After the case was removed to federal court, the plaintiffs filed a "First Supplemental and Amending Complaint," wherein they added "several new paragraphs about their fraud claim" and added a claim for "Testing."[66] The new complaint stated in the first paragraph that it sought to "reurge and reallege all of the allegations as set forth and contained in [the plaintiffs'] original complaint as if copied

---

[60] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[61] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[62] *Templet*, 367 F.3d at 478-79 (citation omitted).

[63] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[64] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[65] 470 F.3d at 1172-73.

[66] *Id.* at 1173.

herein *in extenso* and *in toto*," but did not specifically restate the earlier claims.[67] Upon the defendants' motion to dismiss, the district court dismissed the fraud and testing claims, and then concluded that the action was dismissed completely. The court did not address the seven other claims brought in the original complaint.[68]

On appeal, the Fifth Circuit noted that Federal Rule of Civil Procedure 10(c) allows parties to adopt by reference parts from other pleadings without expressly restating those parts.[69] However, the Fifth Circuit also recognized that "there is a body of persuasive precedent indicating that such incorporation must be done 'with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.'"[70] While the Fifth Circuit did not disagree with this "persuasive precedent," it nonetheless determined that "in this case we believe that the clause was sufficiently specific, and the pleading history of the case sufficiently simple, that the [defendant] could easily determine the extent and nature of the incorporation."[71] Therefore, the Fifth Circuit held that "the incorporation by reference, though cumbersome, was nonetheless sufficient to provide the [defendant] with ample notice of the claims against it and [was] valid under Rule 10(c)."[72]

The Court finds *Carroll* analogous to the situation here. First, as in *Carroll*, there was a specific clause in the supplemental and amending complaint here to incorporate all allegations in

---

[67] *Id.*

[68] *Id.*

[69] *Id.* at 1176.

[70] *Id.* (quoting *Wolfe v. Charter Forest Behavioral Health Sys., Inc.*, 185 F.R.D. 225, 228-29 (W.D. La. 1999)).

[71] *Id.* (internal quotation marks omitted).

[72] *Id.*

the original complaint.[73] Defendant argues that the clause here is insufficient, because it does not appear in the first paragraph, as it did in *Carroll*. While this is a difference, there is no indication in *Carroll* that the placement of the clause was determinative of the Fifth Circuit's finding that the clause satisfied Rule 10(c).

Instead, the Fifth Circuit considered the specificity of the clause and whether the pleading history was sufficiently simple so that the defendant could "easily determine the extent and nature of the incorporation."[74] Here, all these considerations weigh in favor of a finding that the purported incorporation by reference satisfied Rule 10(c). First, the supplemental and amending complaint contains a clause that specifically states: "All allegations in the original complaint and Paragraphs 1-23 herein are repeated and incorporated by reference."[75] Also, as noted by Plaintiff, in the second paragraph of the supplemental and amending complaint, Plaintiff states its intention to **"supplement and amend its original Complaint** as a matter of course pursuant to Fed. R. Civ. Pr. 15(a) **to *further* include** the following allegations."[76] Second, the pleading history here is similarly simple as it was in *Carroll*; in both matters there was an original complaint, and a subsequent supplemental and amending complaint.

Moreover, in addition to the two clauses discussed in the preceding paragraph, the two additional claims added in the supplemental and amending complaint are numbered as "Seventh Claim for Relief- Tort Liability Article 2315" and "Eighth Claim for Relief- Extortion."[77] If any

[73] Rec. Doc. 12 at ¶ 24.

[74] *Carroll*, 470 F.3d at 1176.

[75] Rec. Doc. 12 at ¶ 24.

[76] *Id.* at ¶ 2 (emphasis added).

[77] *Id.* at ¶¶ 24, 29.

ambiguity as to the extent of the incorporation arose from the placement of these two clauses in the supplemental and amending complaint, the deliberate numbering of the new claims should have enabled Defendant to easily determine the extent and nature of the incorporation. If Plaintiff abandoned all claims in the original complaint, it does not logically follow that Plaintiff would number his only remaining claims as "Seventh" and "Eighth." Therefore, the Court finds that Plaintiff has incorporated by reference in the supplemental and amending complaint all allegations and causes of actions alleged in the original complaint, because Defendant could have easily determined the extent and nature of the incorporation.

Defendant has also argued that even if this Court finds, as it has, that Plaintiff has retained its original six causes of action, Defendant's first motion to dismiss for failure to state a claim should be granted because Plaintiff's supplemental and amending complaint fails to address Defendant's 12(b)(6) claims, but instead only adds new allegations relative to personal jurisdiction. This Court disagrees. The Court's prior order denied Defendant's first motion to dismiss as moot because issues of personal jurisdiction and whether Plaintiff has stated a claim, must be considered in regard to Plaintiff's pleadings, and Defendant's arguments in its first motion to dismiss only addressed the original complaint.[78] The Court has made no determination on personal jurisdiction or the sufficiency of Plaintiff's pleadings, and those issues have not been properly raised in this motion to reconsider.

As noted above, Defendant has filed a second motion to dismiss,[79] which addresses all the allegations and causes of action in both the original complaint and supplemental and amending

[78] Rec. Doc. 15 at pp. 6-7.

[79] Rec. Doc. 19.

complaint. Plaintiff has opposed this motion.[80] Therefore, the Court will address all of Defendant's arguments when it considers the second motion to dismiss. As such, the pending motion to reconsider is not the appropriate procedural mechanism to address Defendant's personal jurisdiction and 12(b)(6) arguments, and because Defendant has not met its burden for reconsideration on those issues covered in this Court's prior order, Defendant's motion to reconsider is denied.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration[81] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 24th day of June, 2013.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[80] Rec. Doc. 21.

[81] Rec. Doc. 16.