## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ATHLETIC TRAINING INNOVATIONS, LLC**          **CIVIL ACTION**

**VERSUS**                                      **NO. 12-2540**

**eTAGZ, INC.**                                 **SECTION: "G"(2)**

### ORDER AND REASONS

Before the Court is Defendant eTagz's ("Defendant") Motion to Dismiss,[1] wherein it moves this Court for dismissal based on a lack of personal jurisdiction over Defendant and for Plaintiff Athletic Training Innovations, LLC's ("Plaintiff") alleged failure to state a claim upon which relief can be granted. Having considered the complaint, the motion, the opposition, the reply, the record, and the applicable law, for the following reasons, the Court will grant the pending motion and dismiss this action without prejudice.

### I. Background

#### A. Factual Background

Plaintiff is a Louisiana limited liability company that sells athletic equipment and specially designed training shoes "almost exclusively on the internet and by phone."[2] When Plaintiff ships shoes to a purchaser, it accompanies the product with a DVD that demonstrates how to perform certain exercises. This film was produced by Plaintiff's predecessors since as early as 1991.[3]

Defendant, a Utah corporation with its principal place of business in Provo, Utah, owns U.S. patents nos. 6,298,332, 7,503,502, and 7,703,686 ("the patents"). These patents concern the use of

---

[1]  Rec. Doc. 19.

[2]  Rec. Doc. 1 at ¶¶ 6-7.

[3]  *Id.* at ¶¶ 8-9.

a hangtag having a computer-readable medium that is attached to a product by a vendor and removed therefrom by purchaser.[4] According to Plaintiff, the "broadest claims of aforementioned patents limit Defendant's scope of protection to: 1) hangtags or labels that are secured to and removed from a vendor's product; 2) the hangtag or label including a computer-readable medium thereon **and** 3) the medium including computer-readable instructions executable on a purchaser's computer."[5] Plaintiff claims, therefore, that its practice of placing a DVD in the shipping container does not infringe on the patents.[6]

However, on September 7, 2012, Plaintiff received a letter from Defendant, alleging that it believed Plaintiff's products infringed the patents, and that it might take legal action.[7] Plaintiff claims that after receiving this letter, it discovered on Defendant's website that it has made many other similar threats against other companies that have included CDs or DVDs with their products.[8] In addition, Plaintiff avers that Defendant's website claims that its patents encompass the attachment of media for products at retail, and that "attachment" is defined as mere "inclusion." Plaintiff argues that these statements essentially make infringement allegations against Plaintiff that are objectively false and in bad faith.[9] Therefore, Plaintiff brings six causes of action in the original complaint: (1) a declaratory judgment of non-infringement of the patents; (2) a declaratory judgment of invalidity of the patents; (3) a judgment that Defendant has violated the Sherman Antitrust Act; (4) relief for

---

[4]  *Id.* at ¶ 10.

[5]  *Id.* at ¶ 11 (emphasis in original).

[6]  *Id.* at ¶ 13.

[7]  *Id.* at ¶¶ 15-16.

[8]  *Id.* at ¶ 17.

[9]  *Id.* at ¶¶ 19-20.

violations of Louisiana's antitrust statutes; (5) relief for violations of Louisiana's unfair competition laws; and (6) patent misuse.[10]

In Plaintiff's First Supplemental and Amending Complaint,[11] Plaintiff requests to "supplement and amend its original Complaint ... to further include the following allegations."[12] Plaintiff claims that on September 7, 2012, Defendant sent it a letter alleging that Plaintiff's product "utilized the invention embodied in the eTAGZ Patents."[13] However, Plaintiff contends that "merely including a video with a product" is unpatentable under 35 U.S.C. § 102(b), the on-sale bar, because "informational videos have accompanied products in commerce for decades."[14] Therefore, Plaintiff maintains that the September 7, 2012 letter was meant to "intentionally misrepresent the scope of Defendant's patents to coerce, intimidate and manipulate Plaintiff into settlement," and further, that the letter was also "part of a conspiracy by Defendant to injure Plaintiff's sales and marketing efforts."[15]

After this letter, Plaintiff alleges that a representative and/or employee of Defendant "initiated at least three telephone calls to Plaintiff's employees located in the State of Louisiana in a further attempt to coerce a quick settlement based upon a frivolous claim of patent infringement."[16] Plaintiff claims that on at least one of these alleged calls, Defendant pretended to be a potential

---

[10]  *Id.* at ¶¶ 22-47.

[11]  Rec. Doc. 12.

[12]  *Id.* at ¶ 2.

[13]  *Id.* at ¶ 3.

[14]  *Id.*

[15]  *Id.* at ¶¶ 5-6.

[16]  *Id.* at ¶ 7.

customer in order to "extract information from [Plaintiff's] employee."[17] However, Plaintiff contends that Defendant's employee eventually identified himself, and boasted that Defendant had already derived "millions of dollars in revenue" from other accused infringers.[18] According to Plaintiff, Defendant indicated that if Plaintiff paid a "lump-sum fee" this matter would be resolved, and on one occasion  Defendant sent an email to one of Plaintiff's employees located in Louisiana, requesting an "immediate, lump sum payment in lieu of litigation."[19]

In addition to these factual allegations, Plaintiff adds two new causes of action. Styled as its seventh cause of action, Plaintiff seeks to hold Defendant liable in tort under Louisiana Civil Code article 2315.[20] Finally, styled as its eighth cause of action, Plaintiff seeks to hold Defendant liable for extortion under Louisiana Revised Statute §14:66 and 18 U.S.C. § 1951.[21]

### B. Procedural Background

Plaintiff filed the initial complaint in this matter on October 18, 2012, invoking this Court's federal question and diversity jurisdiction.[22] On January 9, 2013, Defendant filed its first motion to

---

[17] *Id.* at ¶ 8.

[18] *Id.* at ¶ 9.

[19] *Id.* at ¶¶ 10-11.

[20] *Id.* at ¶¶ 24-28.

[21] *Id.* at ¶¶ 29-30.

[22] Rec. Doc. 1 at ¶ 4. The Court notes that while Plaintiff has invoked this Court's diversity jurisdiction, it has not properly alleged its own citizenship. Plaintiff claims it "is a Louisiana Limited Liability company authorized to do business in the State of Louisiana with its principal place of business in Kenner, Louisiana." *Id.* at ¶ 1. However, the citizenship of a limited liability company is determined by the citizenship of each of its constituent members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1078 (5th Cir. 2008). However, because Plaintiff has also invoked federal question jurisdiction, this deficiency is inconsequential at this time, as the Court has an alternatively sufficient ground for subject matter jurisdiction.

dismiss,[23] seeking dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), claiming that this Court does not have personal jurisdiction over it and that Plaintiff has failed to state a claim. On January 22, 2013, Plaintiff made two filings. Plaintiff filed a first supplemental and amending complaint,[24] and then an opposition to the Defendant's first motion to dismiss.[25] On January 20, 2013, the Court denied the first motion to dismiss as moot, based on the filing of the supplemental and amending complaint.[26]

On February 4, 2013, Defendant filed a motion to reconsider the denial of its motion to dismiss.[27] On February 5, 2013, Defendant filed the pending motion to dismiss asserting the same grounds for dismissal as in its first motion to dismiss, but also addressing claims and allegations added in the supplemental and amending complaint.[28] On February 19, Plaintiff filed an opposition to the pending motion to dismiss.[29] With leave of court, Defendant filed a reply on March 4, 2013.[30] On June 24, 2013, this Court denied Defendant's motion to reconsider the order denying Defendant's first motion to dismiss, ruling that it did not meet the standard for reconsideration and that Defendant's substantive grounds for dismissal would be more properly addressed upon its second

---

[23] Rec. Doc. 9.

[24] Rec. Doc. 12.

[25] Rec. Doc. 13.

[26] Rec. Doc. 15.

[27] Rec. Doc. 16.

[28] Rec. Doc. 19.

[29] Rec. Doc. 21.

[30] Rec. Doc. 28.

motion to dismiss – the pending motion.[31] The Court also rejected Defendant's contention that Plaintiff had waived all causes of action and factual allegations that appeared in the original complaint, but that did not expressly appear in the supplemental and amending complaint; instead, the Count found that Plaintiff had properly realleged and incorporated by reference all claims and allegations made in the original complaint in the supplemental and amending complaint.

## II. Parties' Arguments

In support of the pending motion, Defendant argues that this Court does not have personal jurisdiction over it, and notes that the law of the United States Court of Appeals for the Federal Circuit governs this matter as it pertains to patent law.[32] Defendant also notes that when a defendant disputes personal jurisdiction and the parties have not yet conducted discovery, the plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction.[33] Regarding specific jurisdiction, Defendant argues that the Federal Circuit employs a three-prong test to determine whether: "(1) the defendant purposefully directed activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) [the] assertion of personal jurisdiction is reasonable and fair."[34]

Defendant argues that in a declaratory judgment action for non-infringement and/or patent invalidity, the relevant inquiry regarding specific jurisdiction is "'to what extent has the defendant patentee 'purposefully directed [such enforcement activities] to residents of the forum,' and the

---

[31] Rec. Doc. 41.

[32] Rec. Doc. 19-1 at pp. 4-5 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)).

[33] *Id.* at p. 5 (citing *Avocent*, 552 F.3d at 1328-29).

[34] *Id.*

6

extent to which the declaratory judgment claim 'arises out of or relates to those activities.'"[35] Defendant claims that "[o]ther than maintaining a general informational website on the Internet, [Defendant] has never advertised, marketed or offered to license or sell its patents in Louisiana, and it has never sold, done business with or entered into a licensing agreement with any Louisiana company or resident (except for its engagement of legal counsel in this matter)."[36] Further, Defendant avers that "[t]he only purposeful activity of [Defendant] directed to residents of Louisiana identified by [Plaintiff] was the September 7, 2012 letter sent to [Plaintiff] offering to meet with [Plaintiff] to discuss licencing [Defendant's] patent portfolio, and three follow-up phone calls and an email."[37]

However, Defendant argues that this activity is insufficient as a matter of law to establish personal jurisdiction, because under Federal Circuit precedent "'[s]tandards of fairness demand that [the patentee] be insulated from personal jurisdiction in a distant forum when its only contacts with that forum were efforts to give proper notice of its patent rights.'"[38] Therefore, Defendant argues that the Federal Circuit has required more than "letters threatening an infringement suit" to establish personal jurisdiction.[39]

In the alternative, Defendant claims that Plaintiff has failed to state a claim upon which relief can be granted.[40] Defendant reiterates its argument that the supplemental and amending complaint

---

[35] *Id.* (quoting *Avocent*, 552 F.3d at 1332)(citations omitted) (alterations in Defendant's memorandum).

[36] *Id.* at p. 8 (citing Declaration of Isaac Jacobson, Rec. Doc. 9-2 at ¶ 9).

[37] *Id.*

[38] *Id.* (quoting *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)).

[39] *Id.* at p. 9 (citing *Avocent*, 552 F.3d at 1333).

[40] *Id.* at p. 10.

is the only operative complaint, and therefore only the two state law causes of action asserted therein remain.[41] As the Court has already rejected this argument, and held that Plaintiff properly incorporated by reference all allegations and causes of action asserted in the original complaint in the supplemental and amending complaint, it declines to address Defendant's argument on that issue again.

Concerning the seventh cause of action styled as "Tort Liability Under Article 2315," for alleged harassment, Defendant construes the claim as one for intentional misrepresentation, arguing that a cause of "harassment" does not exist.[42] Citing precedent from the United States Court of Appeals for the Fifth Circuit, Defendant argues that to succeed on a cause of action for intentional misrepresentation, a plaintiff must prove: (1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with a resultant injury.[43] Defendant maintains that Plaintiff "has failed to, and cannot, allege that [Plaintiff] justifiably relied on [Defendant's] alleged misrepresentation, or suffered any injury therefrom," and therefore this cause of action should be dismissed.[44]

With regard to Plaintiff's eighth cause of action for "extortion," Defendant notes that Louisiana Revised Statute § 14:66 is a criminal cause of action, not a civil cause of action. Likewise, 18 U.S.C. § 1951 is a criminal statute that does not provide a private cause of action.[45] Therefore, Defendant seeks the dismissal of this claim.

---

[41] *Id.* at pp. 11-12.

[42] *Id.* at p. 12, n. 1.

[43] *Id.* (citing *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008)).

[44] *Id.*

[45] *Id.* at p. 13 (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999)).

Defendant also seeks the dismissal of Plaintiff's six original causes of action raised in the first complaint. Regarding Plaintiff's claim for a declaratory judgment of non-infringement, Defendant argues that Plaintiff's claim "does not distinguish between direct or indirect infringement, and thus does not provide a short and plain statement showing entitlement to relief."[46] Defendant also posits that Plaintiff's claim for a declaratory judgment of invalidity fails to state a claim, because the complaint "does little more than cite generally to a patent statute."[47]

Turning next to Plaintiff's Sherman Antitrust Act claims, Defendant argues that the complaint generally refers to the act without specifying which section or sections Defendant has allegedly violated.[48] Moreover, Defendant claims that actions seeking to enforce patent right are generally immunized from antitrust liability under the *Noerr-Pennington* doctrine.[49] Likewise, Defendant contends that the *Noerr-Pennington* doctrine bars Plaintiff's state law claims for unfair competition.[50] Defendant further contends that Plaintiff's complaint is devoid of any factual support that Defendant "purposefully harmed the marketing efforts and sales of [Plaintiff's] training shoe."[51] Finally, Defendant argues that Plaintiff's cause of action for "patent misuse" should be dismissed, because patent misuse is not "an affirmative cause of action," but rather "results in rendering a patent unenforceable until the misuse is purged."[52]

---

[46] *Id.*

[47] *Id.* at p. 14.

[48] *Id.*

[49] *Id.*  at p. 15 (citing *Bryant v. Military Sept. of Miss.*, 597 F.3d 678, 690 (5th Cir. 2010)).

[50] *Id.* (citing *Video Int'l Prod., Inc. v. Warner-Amex Cable Comm'ns, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988)).

[51] *Id.* at p. 16.

[52] *Id.* (citing *B. Brown Med., Inc. v. Abbot Labs.*, 124 F.3d 1419, 1427 (Fed. Cir. 1997)).

In opposition, Plaintiff avers that this Court has specific jurisdiction over Defendant.[53] Plaintiff highlights that Defendant sent a cease-and-desist letter to Plaintiff in Louisiana, and initiated three phone calls to Plaintiff.[54] Plaintiff also argues that "one of the Defendant's telephone calls was perpetrated under false pretenses and was clearly a deceptive business activity prohibited by LUTPA."[55] Plaintiff further notes that Fifth Circuit precedent has held that a single phone call to a forum state can be sufficient to confer personal jurisdiction.[56]

Without citing authority, Plaintiff argues that "jurisdiction should be applied to protect a Louisiana business from a non-resident company voluntarily entering Louisiana commerce to deceptively attempt to coerce a settlement by knowingly articulating false statements as to the scope and attributes of its patent."[57] Further, Plaintiff states that Defendants conduct imposes tort liability under Article 2315, and when one commits a tort within the state, or an act outside the state that causes tortious injury within the state, that conduct establishes minimum contacts to permit personal jurisdiction.[58]

Plaintiff also contends that this Court may also have general jurisdiction over Defendant, because it may have "continuous and systematic contacts" with Louisiana.[59] Plaintiff notes that it served written discovery requests upon Defendant on January 31, 2013, seeking information relative

---

[53] Rec. Doc. 21 at p. 8.

[54] *Id.*

[55] *Id.* at pp. 8-9.

[56] *Id.* at p. 9 (citing *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332-99 (5th Cir. 1982)).

[57] *Id.* at p. 10.

[58] *Id.* at p. 11 (citing *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999)).

[59] *Id.* at p. 12 (citing *Dickson Marine, Inc. v. Panalina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999)).

to general jurisdiction, but that Defendant has refused to respond, and has specifically ignored requests for 30(b)(5) and 30(b)(6) depositions.[60]

Plaintiff also refutes Defendant's contention that it has failed to state a claim. Concerning its seventh cause of action, Plaintiff notes that it alleged in the the original and supplemental complaint that "threatening [Plaintiff] with frivolous and baseless allegations of patent infringement **knowing** that its patents do not have the broad scope that Defendant purports subjects Defendant to tort liability under La. Civ. Code Article 2315" and "Defendant has **purposely misrepresented** the claim scope of its patents to **purposely harm** [Plaintiff's] marketing and sales efforts in Louisiana and elsewhere, which subjects Defendant to tort liability under La. Civ. Code Article 2315."[61] Therefore, Plaintiff argues that "[s]uch allegations of knowingly and purposely misrepresenting the scope and attributes of patents in order to purposely inflict harm upon plaintiff clearly invokes La. C.C. art. 2315 as well as LSA-R.S. 51:1407, *et seq*., Louisiana Unfair trade Practices Act."[62] As such, Plaintiff argues that Defendant's alleged attempt to "extort" is encompassed in Article 2315. Further, Plaintiff does not refute that under its extortion and antitrust causes of action it cited criminal statutes that do not confer a personal cause of action, but rather argues that "under Louisiana law, criminal statutes may provide the standard of care for a tort action when other fundamental elements of a tort are present."[63]

---

[60] *Id.*

[61] *Id.* at p. 14 (emphasis in original).

[62] *Id.*

[63] *Id.* (citing *Louisiana v. Guidry*, 489 F.3d 692 (5th Cir. 2007)).

Plaintiff also challenges Defendant's assertion that its pleadings are deficient because it does not distinguish between direct and indirect infringement. Plaintiff states that "[t]his case has absolutely nothing to do with indirect infringement and, therefore, was not mentioned in the original Complaint."[64] Further, Plaintiff argues that it has stated a claim for its patent invalidity cause of action, because it expressly alleged that some of Defendant's patents were anticipated by the prior art, or were invalid due to the on-sale bar.[65]

Concerning its antitrust claims, Plaintiff argues that the United States Supreme Court has specifically held that the *Noerr-Pennington* doctrine will not apply to immunize a defendant when "the enforcement of a patent procured by fraud on the patent office could form the basis for a lawsuit under the Sherman [Antitrust] Act provided the other elements of monopolization under Section 2 are established."[66] Moreover, Plaintiff argues that the "sham litigation" exception to the *Noerr-Pennington* doctrine is applicable, because Defendant's assertion of patent rights is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits," and the baselessness of the lawsuit is intended to "interfere directly with the business relationships of a competitor."[67] Plaintiff argues that the cease-and-desist letters sent by Defendant and patent infringement lawsuits are sham litigation.[68]

Lastly, Plaintiff argues that Defendant has not addressed or challenged its LUTPA claims

---

[64] *Id.* at pp. 14-15.

[65] *Id.* at p. 15.

[66] *Id.* at p. 16 (citing *Walker Process Equip., Inc. v. Food Machinery & Chem. Corp.*, 382 U.S. 172, 174 (1965)).

[67] *Id.* (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993)).

[68] *Id.*

in the pending motion to dismiss.[69]

In reply, Defendant argues that in discussing personal jurisdiction, Plaintiff has failed to address the binding Federal Circuit precedent cited by Defendant, but instead relies on Fifth Circuit precedent which is not controlling in this dispute.[70] Defendant also addresses Plaintiff's argument that Defendant has ignored discovery requests in an effort to hide or obscure jurisdictional facts. Defendant notes that there has been no court order permitting early discovery in this matter.[71]

Defendant reiterates many of its arguments urging dismissal pursuant to Rule 12(b)(6).[72] Further, Defendant avers that Plaintiff's opposition to the pending motion now purports to bring a cause of action for "intentional misrepresentation," but that under Louisiana law, this is a very restrictive claim, which Plaintiff has not adequately pled.[73]

Concerning Plaintiff's eighth cause of action for "extortion," Defendant notes that Plaintiff did not dispute that the statutes it cited do not provide a cause of action; however, Defendant expresses confusion as to whether Plaintiff "maintains this claim as a separate cause of action," or incorporates it into its Article 2315 claim for general tort liability.[74]

Next, Defendant claims that Plaintiff's argument that it is asserting a *Walker Process* claim fails, because such a claim requires "that a patent has been procured by fraud upon the patent

---

[69] *See id.* at pp. 17-18.

[70] Rec. Doc. 28 at p. 2.

[71] *Id.*

[72] *Id.* at pp. 3-4.

[73] *Id.* at p. 4.

[74] *Id.* at pp. 4-5.

office."[75] In addition, Defendant claims that like most fraud claims, *Walker Process* claims must be pled with particularity.[76] Further, Defendant argues that Plaintiff has failed to sufficiently plead that the "sham litigation" exception to the *Noerr-Pennington* doctrine applies.[77]

Moreover, Defendant argues that Plaintiff is incorrect to state that Defendant has not challenged its LUTPA claims, because Defendant expressly stated its position that these claims were barred by the *Noerr-Pennington* doctrine.[78] Finally, Defendant avers that Plaintiff "appears to have abandoned its claim for patent misuse," and therefore it should be dismissed.[79]

### III. Law and Analysis

#### A. *Applicable Standard:* **Prima Facie** *Showing of Personal Jurisdiction*

As Defendant has correctly acknowledged, because this case involves patent law, Federal Circuit precedent controls the analysis of personal jurisdiction.[80] Even when there are non-infringement claims in the suit, the Federal Circuit will "apply [its] law [of personal jurisdiction] to ***all of the claims*** where 'the question of infringement is a critical factor in determining liability under the non-patent claims.'"[81]

---

[75] *Id.* at p. 6 (*Hydril Co. LP v. Grant Prideco LP*, 474 F.3d 1344, 1349 (Fed. Cir. 2007)).

[76] *Id.* (citing *Medimmune, Inc. v. Genetech., Inc.*, 427 F.3d 958, 967 (Fed. Cir. 2005)).

[77] *Id.* at pp. 6-7.

[78] *Id.* at p. 7

[79] *Id.*

[80] *See Avocent*, 552 F.3d at 1328.

[81] *Id.* (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir.2006)) (emphasis added).

Before discovery, a plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction.[82]  Therefore, "the pleadings and affidavits are to be construed in the light most favorable to [the plaintiff]."[83] "[W]here the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction.  In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor."[84] Personal jurisdiction is a question of law that the Federal Circuit will review *de novo*.[85]

### B. Personal Jurisdiction Inquiry

Determining whether jurisdiction exists over an out-of state defendant involves two inquiries: (1) whether a forum state's long arm statute permits service of process and (2) whether the assertion of personal jurisdiction violates due process.[86] "Louisiana's long-arm statute, La. R.S. 13:3201(B), provides that a Louisiana court 'may exercise personal jurisdiction over a nonresident on any basis consistent with ... the Constitution of the United States.' Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the

---

[82]  *Id.* at 1328-29.

[83]  *Id.* at 1329.

[84]  *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

[85]  *Autogenomics, Inc. v. Oxford Gene Tech.*, 556 F.3d 1012, 1016 (Fed. Cir. 2009).

[86]  *Id.* at 1017.

inquiry is simply whether this Court's exercise of jurisdiction over [the defendant] would offend due process."[87]

### 1. General Jurisdiction

General jurisdiction requires that a defendant have "continuous and systematic" contacts with the forum state, and confers personal jurisdiction, even when the cause of action has no relationship to those contacts.[88] Sporadic or insubstantial contacts with a forum state are insufficient to establish general jurisdiction.[89] The United States Supreme Court and the Federal Circuit have acknowledged that when a defendant does not have a place of business in the forum state, or has never been licensed to do business in the state, this weighs against a finding that general jurisdiction is present.[90]

The Court notes that here, Plaintiff has not affirmatively alleged that this Court has general jurisdiction over Defendant, but rather stated that it is not sure because it has not received discovery responses from Defendant on this issue.[91] As noted above, because discovery has not commenced, Plaintiff need only make a *prima facie* showing of personal jurisdiction, where the Court accepts all uncontroverted assertions and affidavits as true, and resolves all disputed assertions and affidavits in favor of Plaintiff. However, Plaintiff has submitted no such evidence or assertions regarding general jurisdiction, but merely posits the possibility that Defendant has "continuous and systematic" contacts with Louisiana to confer general jurisdiction. In contrast, Defendant has submitted the

---

[87] *Sinclair v. StuidoCanal, S.A.*, 709 F.Supp. 2d 496, 506 (E.D. La. 2010) (emphasis in original) (citing *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)).

[88] *Autogenomics*, 566 F.3d at 1017.

[89] *Campbell Peto Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008).

[90] *Helicopteros Nacionales de Colombia, A.A. v. Hall*, 466 U.S. 408, 416 (1984); *Campbell*, 542 F.3d at 844.

[91] *See* Rec. Doc. 21 at pp. 12-13.

unrefuted affidavit of Isaac Jacobson, who states that Defendant is not a Louisiana corporation, does not conduct business in Louisiana, and has never "advertised, marketed offered to license or sell its patents in Louisiana, and it has never sold, done business with or entered into a licensing agreement with any Louisiana company or resident (except for its engagement of legal counsel in this matter)."[92]  Therefore, Plaintiff has not made a *prima facie* showing of general jurisdiction.

However, in a June 6, 2013 status conference, Plaintiff argued that Defendant had refused to respond to several discovery requests that could have a bearing on the issue of general jurisdiction.[93] While Plaintiff has not made a formal request for limited jurisdictional discovery, this Court notes that the Federal Circuit reviews "the district court's denial of discovery, an issue not unique to patent law, for abuse of discretion, applying the law of the regional circuit."[94] The Fifth Circuit has held that:

> The district court, however, has broad discretion in all discovery matters. The decision not to permit depositions on a motion to dismiss for lack of personal jurisdiction is specifically one for the trial court's discretion, and "[s]uch discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."[95]

It is normally only when "the jurisdictional question intertwines with the merits of the case [that] some discovery on the merits may be necessary, and general discovery may be permitted."[96] As Plaintiff has not formally requested such discovery, and has not provided grounds other than the

---

[92] Rec. Doc. 9-2.

[93] Rec. Doc. 40 (minute entry).

[94] *Autogenomics*, 566 F.3d at 1023.

[95] *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (internal citations omitted) (quoting *Associated Metals & Minerals Corp. v. S.S. Geert Howard*, 348 F.2d 457, 459 (5th Cir. 1965)).

[96] *Id.*

17

possibility that facts may exist to confer general jurisdiction, this Court would not be inclined to grant such a request, even if one were properly before the Court.

### 2. Specific Jurisdiction

Even when a defendant is not subject to general personal jurisdiction in a forum state, a district court may nonetheless exercise specific personal jurisdiction over the defendant if the defendant satisfies a three-prong test:

> (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. With respect to the last prong, the burden of proof is on the defendant, which must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" under the five-factor test articulated by the Supreme Court in *Burger King*.[97]

"The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis."[98]

In the specific context of an action for a declaratory judgment of non-infringement, the Federal Circuit has expressly defined the relevant inquiry:

> [I]n the context of an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability, the patentee is the defendant, and the claim asserted by the plaintiff relates to the wrongful restraint [by the patentee] on the free exploitation of non-infringing goods ... [such as] the threat of an infringement suit. Thus, the nature of the claim in a declaratory judgment action is to clear the air of infringement charges. Such a claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit. The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee

---

[97] *Autogenomics*, 566 F.3d at 1018-19 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))).

[98] *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

"purposefully directed [such enforcement activities] at residents of the forum," and the extent to which the declaratory judgment claim "arises out of or relates to those activities."This inquiry necessarily places greater focus in a declaratory judgment action on the differences, if any, in the meaning of the "arises out of" and "relates to" inquiries for personal jurisdiction.[99]

The Federal Circuit has further acknowledged that in declaratory judgment for non-infringement actions, the alleged injury arises out of the threat of infringement as communicated in an infringement letter:

> While such letters themselves might be expected to support an assertion of specific jurisdiction over the patentee because "the letters are 'purposefully directed' at the forum and the declaratory judgment action 'arises out of' the letters," *Silent Drive*, 326 F.3d at 1202, *we have held that, based on "policy considerations <u>unique to the patent context</u>," id. at 1206, "letters threatening suit for patent infringement sent to the alleged infringer by themselves 'do not suffice to create personal jurisdiction,'" id. at 1202 (quoting Red Wing Shoe, 148 F.3d at 1359-60) (emphasis added). This is "because to exercise jurisdiction in such a situation would not 'comport with fair play and substantial justice.'"* Id. (quoting *Red Wing Shoe*, 148 F.3d at 1359-60). "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness." *Red Wing Shoe*, 148 F.3d at 1360-61; see also *Silent Drive*, 326 F.3d at 1206. *Thus, "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit." Silent Drive*, 326 F.3d at 1202 (emphasis added); *see also Calder*, 465 U.S. at 788, 104 S.Ct. 1482 (noting that "[i]n judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.' " (emphases added)(quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977))).[100]

---

[99] *Avocent*, 552 F.3d at 1332-33 (internal quotations and citations omitted).

[100] *Id.* at 1333-34 (emphasis added).

These "other activities" necessary to impose specific personal jurisdiction "relate to *the enforcement* or the *defense of the validity* of the relevant patents."[101] "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum."[102]

Here, Plaintiff contends that this Court has specific personal jurisdiction over Defendant based on the cease-and-letter and the three phone calls and one email sent to Plaintiff's employees in Louisiana.[103] However, the case law cited above from the Federal Circuit holds that cease-and-desist letters are insufficient to establish minimum contacts with a state to confer specific personal jurisdiction; moreover, the Federal Circuit has found that emails and in-person communications are analogous to cease-and-desist letters, and are likewise insufficient to establish specific personal jurisdiction.[104] This Court finds that the three alleged phone calls are similarly analogous to a cease-and-desist letter and may not be considered independently sufficient as minimum contacts to establish specific personal jurisdiction. On the issue of specific personal jurisdiction, Plaintiff fails to cite Federal Circuit law, which is controlling in this case. Instead, Plaintiff has cited Fifth Circuit precedent for the proposition that a single phone call to a forum state can be sufficient to confer personal jurisdiction."[105] However, at detailed above, the Federal Circuit has held that in declaratory

---

[101] *Id.* at 1334 (emphasis in original).

[102] *Id.* (emphasis in original)

[103] *See* Rec. Doc. 21 at p. 8.

[104] *Autogenomics*, 566 F.3d at 1019.

[105] *See* Rec. Doc. 21 at p. 9 (citing *Brown*, 688 F.2d at 332-33).

actions for non-infringement, such as this one, these actions are not sufficient to confer specific personal jurisdiction, because of "policy considerations unique to the patent context."[106]

The Federal Circuit has made clear that for specific personal jurisdiction to exist, there must be "other activities", such as "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum."[107] Plaintiff has not alleged such activity on the part of Defendant in either the original complaint or the supplemental and amending complaint.[108] Therefore, even when this Court accepts all of Plaintiff's assertions as true, Defendant's actions would still not establish specific personal jurisdiction as a matter of law. As such, Plaintiff has failed to make a *prima facie* case of personal jurisdiction over Defendant when the Federal Circuit's controlling precedent is applied to this dispute,[109] and therefore this matter must be dismissed.

---

[106] *Avocent*, 552 F.3d at 1333 (internal quotation marks omitted).

[107] *Id.* at 1334.

[108] *See* Rec. Doc. Nos. 1, 12.

[109] *See Avocent*, 552 F.3d at 1328 (explaining that Federal Circuit precedent will control the analysis of personal jurisdiction for patent claims and all other claims at issue "where the question of infringement is a critical factor in determining liability under the non-patent claims.").

## IV. Conclusion

For the reasons described above, this Court does not have general or specific personal jurisdiction over Defendant, and therefore must dismiss this matter. This finding obviates the need to address Defendant's arguments for dismissal pursuant to Rule 12(b)(6). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[110] is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.[111]

**NEW ORLEANS, LOUISIANA**, this 30th day of June, 2013.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[110] Rec. Doc. 19.

[111] *See Avocent*, 552 F.3d at 1328 ("The district court granted Aten International's motion to dismiss the entire action without prejudice for lack of personal jurisdiction.")